IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

MARGO LEWIS,

    Petitioner,

v.                                         Case No. 1:13-cv-18721

SANDRA BUTLER[1], Warden,
FPC Alderson,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, which was filed on July 11, 2013. (ECF No. 1). The petitioner has paid the $5.00 filing fee. (ECF No. 4). On November 4, 2013, the petitioner filed additional documentation in support of her petition. (ECF No. 5). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND POSITIONS OF THE PARTIES

On January 31, 2013, the petitioner was sentenced to serve 48 months in prison, followed by a three (3) year term of supervised release, after pleading guilty in the United States District Court for the Eastern District of North Carolina to one count of

---

[1] Sandra Butler is the current Warden at FPC Alderson. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk is directed to substitute Sandra Butler in place of Myron L. Batts as the respondent herein. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the proper respondent to a habeas corpus petition is the petitioner's immediate custodian).

conspiracy to defraud the United States by making false claims, in violation of 18 U.S.C. § 286. (*See United States v. Lewis*, Case No. 5:12-cr-00206-1F (E.D.N.C.), ECF No. 19 at 2). The petitioner was also ordered to pay a special assessment of $100 and $1,137,217.68 in restitution. (*Id.* at 5). The Judgment specified that the payment of restitution "shall be due in full immediately." (*Id.* at 6). However, it goes on to state that "if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program." (*Id.*)[2] The Judgment further provides that, 60 days after her release from prison, the petitioner must pay installments of $100 per month until all of her financial obligations are fulfilled. (*Id.*)

The petitioner did not appeal her Judgment to the United States Court of Appeals for the Fourth Circuit. However, on May 13, 2013, she filed a Motion to Set Monthly Restitution Payment, in which she requested that the sentencing judge, the Honorable James C. Fox, Senior United States District Judge, order that she be allowed to keep her payments at $50.00 per month while incarcerated. (Case No. 5:12-cr-206-1F, ECF No. 21). On July 1, 2013, Judge Fox entered an Order denying the petitioner's motion, which states in pertinent part:

> Because Defendant's motion challenges the implementation of the restitution portion of her sentence, the undersigned construes the motion as a petition for habeas corpus relief under 28 U.S.C. § 2241. *See United States v. Gripper*, 224 Fed. Appx. 219, 220 (4th Cir. 2007). A § 2241 petition must be brought in the district in which the petitioner is incarcerated. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Defendant is confined in Alderson, West Virginia.

(*Id.*, ECF No. 22). The petitioner subsequently filed the instant section 2241 petition in this court.

---

[2] The Judgment does not specify any amount for installment payments to be made through the Inmate Financial Responsibility Program (hereinafter "IFRP") while the petitioner is incarcerated.

The instant petition, which is hand-written and not on the form usually used to file a section 2241 petition, requests that the court issue a writ of habeas corpus allowing her to maintain her payments through the IFRP at $50.00 per month. The petitioner emphasizes that she is relying upon her husband's financial support while incarcerated and, due to the loss of his job and his obligation to support two children on only his VA disability payment, they are experiencing financial hardship. The petition neither states what payments the petitioner is presently required to make or what attempts the petitioner has made to address this issue through the Bureau of Prison's (hereinafter "BOP") administrative remedy process.

On November 4, 2013, the petitioner mailed a letter to the undersigned which was docketed as additional documentation in support of her section 2241 petition. (ECF No. 5). In the letter, the petitioner requests an expedited ruling on her petition. The letter indicates that, at a recent unit team meeting, the petitioner was informed that her IFRP payment would be increased from $50 per month to $263 per month. The petitioner suggests that she can afford to pay no more than $150 per month during the period of her incarceration.[3] (*Id.* at 2).

On November 18, 2013, the undersigned issued an Order to Show Cause directing the respondent to file a response to the petitioner's section 2241 petition. (ECF No. 7). The respondent, by counsel, filed a response to the petition on December 30, 2013. (ECF No. 11). According to the response, the petitioner is not currently participating in the IFRP and is in "refuse" status. (*Id.* at 2). The response further indicates that the

---

[3] The November 4, 2013 letter also discusses the petitioner's medical issues and foods that she has trouble eating. (*Id.* at 1.) That is a separate matter concerning her conditions of confinement that is not appropriately addressed in this habeas corpus matter, and may only be addressed in a civil rights complaint after the petitioner has exhausted all available administrative remedies.

3

$263 per month payment schedule was set based upon the petitioner's last six months of commissary deposits, which totaled $2,668.95. (*Id.* at 2 and Ex. 1, ¶ 5-6, and Attach. B, Relevant Page of Inmate Profile). The petitioner's IFRP data indicates that she has paid the $100 special assessment, but still owes $1,137,067.68 in restitution. (*Id.* at 2 and Ex. 1, Attach. C, IFRP Data).

On February 26, 2014, the petitioner filed a Reply. (ECF No. 12).[4] The petitioner's Reply describes the loss of privileges she would suffer if she did not participate in the IFRP to meet her financial obligations. (*Id.* at 1). The petitioner's Reply further asserts that she was not advised that she could (and must) pursue administrative remedies. (*Id.* at 2-3).

The petitioner's Reply further asserts that the amount spent by her in the commissary was due to dietary and medical restrictions, and that her family sent her additional funds in order to provide her some comfort and food, to supplement the $16-$19 she made by working at FPC Alderson. (*Id.* at 2, 4-5). The petitioner's Reply contains details about her monthly deposits and spending. (*Id.* at 4-6). The petitioner asserts that, had the staff at FPC Alderson assisted in providing adequate amounts of food that met her dietary and medical needs, she would not have had to spend so much money in the commissary to properly supplement her diet.[5]

---

[4] The undersigned notes that the petitioner's Reply is untimely. The petitioner was ordered to file her Reply by February 20, 2014. Even applying the "prisoner mailbox rule" as set forth in *Houston v. Lack*, 487 U.S. 266, 276 (1988), the petitioner's Reply was not mailed until February 24, 2014, four days after the deadline. Nevertheless, the undersigned will consider the Reply in determining whether the petitioner is entitled to habeas corpus relief.

[5] Again, the petitioner's Reply contains details about her medical problems and complaints concerning the response by the FPC Alderson Food Services and Health Services providers concerning her dietary issues. As previously noted herein, if the petitioner seeks any recourse concerning these issues, such relief may not be sought in a habeas corpus proceeding but, rather, must be sought by filing a civil rights complaint after exhausting all available administrative remedies. The undersigned will not further address these issues.

The petitioner asserts that the amounts received from her family were not guaranteed, fluctuated over time, and had decreased by the time the $263 monthly payment was determined. (*Id.*) Accordingly, she asserts that, despite her good faith effort, she cannot meet the monthly payment requirement and requests that it be reduced to somewhere in the range of $50 to $150 per month to prevent a financial hardship to the petitioner and her family. (*Id.* at 3).

## ANALYSIS

### A.  Overview of the IFRP.

A federal prisoner's challenge to scheduled restitution payments under the IFRP is properly raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241 because it is a challenge to the execution of a BOP administrative program, rather than a challenge to the inmate's judgment itself.

The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by court order.[6] *See* 28 C.F.R. § 545.10-545.11.  The "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine." *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *see also Coleman v. Brooks*, 133 Fed.Appx. 51 (4th Cir. 2005) (*citing, Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002).  In the instant case, the sentencing court specifically directed that, if restitution could not be paid in full

---

[6] The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." *Id.* Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's progress in the IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility or to comply with the provisions of his financial plan ordinarily" results in the loss of certain advantages or privileges. 28 C.F.R. 545.11.

5

immediately, it may be paid through the IFRP. *See Webb v. Hamidullah*, 2006 WL 1946441 (D.S.C. Jul. 11, 2006) (unpublished) (finding that IFRP is not an improper delegation of a judicial function because IFRP merely provides an inmate with a vehicle for ensuring that payment is made).

Generally, the requirement that payment be made immediately is interpreted to require payment to the extent possible, and to begin as soon as possible. *Coleman v. Brooks*, 133 Fed.Appx. 51, 53 (4th Cir. 2005); *see also United States v. Caudle*, 261 Fed.Appx. 501, 504 (4th Cir. Jan. 10, 2008) (when a court orders that payment is due immediately, the court sets the required amount and time for payment of the monetary penalty). The BOP is not limited to considering only an inmate's ability to earn wages while in prison, but may consider all funds received by an inmate. *See* 28 C.F.R. § 545.11(b) (stating that "[p]ayments may be made from institution resources or non-institution (community) resources"). The BOP's establishment of a payment schedule under the IFRP does not constitute an improper delegation of authority by the courts. *See United States v. Watkins,* 161 Fed.Appx. 337 (4th Cir. 2006); *Martin v. United States*, 2006 WL 231485 (N.D.W. Va. Jan. 31, 2006) (finding that "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant 'payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order'").

### B. The petitioner failed to exhaust her administrative remedies.

The respondent asserts that the petitioner failed to exhaust her administrative remedies prior to filing her section 2241 petition. (ECF No.11 at 3-4). In fact, the respondent asserts that the petitioner did not even attempt to challenge the amount that

6

was set for her to pay through the IFRP. Accordingly, the respondent asserts that this matter should be dismissed for failure to exhaust administrative remedies. (*Id.*)

The petitioner contends that, despite three separate meetings with her unit team (including one with an Associate Warden), concerning her IFRP payment requirements, she was never advised of the prison's three-tiered administrative remedy process. Thus, she asserts that the exhaustion requirement should be excused. (ECF No. 12 at 2-3).

It would appear that the petitioner did not exhaust the administrative remedy process prior to filing her petition. However, as noted by the respondent, "[b]ecause the requirement of exhaustion in § 2241 petitions is judicially imposed . . . courts retain discretion to waive the requirement when exhaustion is futile. *See Larue v. Adams*, No. 1:04-cv-00396, 2006 WL 1674487 *7-8, Faber, CJ (S.D. W. Va. Jun. 12, 2006); *Reeder v. Phillips*, No. 1:07-cv-00138, 2008 WL 2434003 *3 (N.D. W. Va. June. 12, 2008)." (ECF No. 11 at 4).

The undersigned cannot find that the exhaustion process would be futile. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to exhaust her administrative remedies and that dismissal of her section 2241 petition on that basis would be warranted.

> **B. The determinations concerning the petitioner's IFRP payments were a proper exercise of BOP authority.**

The respondent's Response to the Order to Show Cause further asserts that the court did not improperly delegate its core judicial function by directing that the petitioner's payments could be made through the IFRP, and that setting IFRP payments is a valid exercise of BOP authority. (ECF No. 11 at 4-6). The petitioner emphasizes that she is not challenging the court's ruling in that regard. (ECF No. 12 at 3-4). Rather, the

7

petitioner is requesting that the court order the BOP to set the petitioner's monthly payments at a lower level to avoid financial hardship. (*Id.*)

As noted by the respondent:

> To the extent Petitioner's claim may be construed to challenge the constitutionality of the IFRP program itself, her challenge must also fail. "[C]ompelled participation in the IFRP is neither punitive in nature nor violates due process because it is reasonably related to the legitimate governmental objective of rehabilitation." *See Webb v. Hannidullah*, 5:06-cv-96, 2007 WL 2138752 *7 (N.D. W. Va. Jul. 23, 2007( (Also noting that the IFRP has been uniformly upheld against constitutional attack on due process grounds); *Cupp v. Reed*, No. 2:08-cv-62, 2009 WL 277554 *2-3 (N.D. W. Va. Feb. 5, 2009) (IFRP program is constitutional and failure to comply with the IFRP has negative consequences, but it is not punitive in nature); *Loving*, 2010 WL 374971 *3 (S.D. W. Va. Sep. 21, 2010) (same).
>
> Additionally, it should be noted that Petitioner's commissary spending is incongruent with her current claims. Her inmate account documents show repeated spending on non-necessity items such as an MP3 player, ($69.20), head phones ($18.20), make up, candy, popcorn, etc. *See* Respondent's Ex. 1, ¶ 8 and Attachment D, Inmate Account Documents with Various Receipts. In fact, in just 18 days in November, Petitioner spent $260.95 in commissary items, roughly the amount of her payment due under the IFRP. Over the 8.5 months between April 5, 2013 and November 18, 2013, Petitioner spent $2,325.26, spending an average of more than $273 a month at the commissary. *Id.*
>
> Because the IFRP, including its consequences for refusing to participate, is a valid exercise of BOP authority, Petitioner cannot successfully claim that her participation violates the Constitution or laws of the United States. Therefore, her petition for habeas corpus under § 2241 must be dismissed.

(ECF No. 11 at 6-7).

The petitioner's Reply admits that she made certain non-necessity purchases at the commissary early in her time at FPC Alderson. (ECF No. 12 at 5). However, she then attempts to summarize the deposits she received from payroll and family and how that money was spent. The petitioner again emphasizes that the deposits decreased as her family's financial circumstances changed, and that she cannot now afford to make the payments based upon her account six months ago. (*Id.* at 5-6).

Liberally construing the petition, to the extent the petitioner is contending that participation in the IFRP violates her due process rights, the undersigned finds her claims to be without merit. *See Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2nd Cir. 1990) (finding that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation"). The compelled participation in the IFRP is neither punitive in nature, nor a violation of due process, because it is reasonably related to a legitimate governmental objective of rehabilitation. *Id.*; *see also Cupp v. Reed*, 2009 WL 277554 (N.D.W. Va. Feb. 5, 2009) (finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution").

Notwithstanding the petitioner's failure to exhaust her administrative remedies, she is not entitled to habeas corpus relief on her claim. The BOP's determination of the petitioner's IFRP payments is a proper function under its authority, policies and procedures. It is not a proper function for the court, as the court ordered that restitution was "due in full immediately." Moreover, the petitioner has available to her administrative remedies that she can pursue in an attempt to have the BOP revisit her ability to make the required restitution payments.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner has not demonstrated that her participation in the IFRP (or the consequences of her failure to comply with the IFRP program) violates any right secured by the constitution or laws of the United States.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the petition fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

June 11, 2014

Dwane L. Tinsley
United States Magistrate Judge